IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALFRED MORIN, <br>     Plaintiff, <br> <br> v. <br> <br> MARK K. LEAHY, <br> *in his official capacity as* <br> Northborough Chief of Police, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Now come the Plaintiff, Alfred Morin, by and through undersigned counsel, and complains of the Defendant as follows:

### THE PARTIES

1. Plaintiff Alfred Morin, PhD ("Dr. Morin") is a natural person and a resident of the town of Northborough in the county of Worcester in the Commonwealth of Massachusetts and is a United States Citizen.

2. Defendant Mark K. Leahy, in his official capacity as Northborough Chief of Police, is the authority charged with issuing Massachusetts Firearm Identification Cards and Licenses to Carry to residents residing in Northborough, Massachusetts and is located in the town of Northborough in the County of Worcester in the Commonwealth of Massachusetts.

### JURISDICTION AND VENUE

3. Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3) in

that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

4. This action seeks relief pursuant to 28 U.S.C. §§ 2201-2202 and 42 U.S.C. §§ 1981(a), 1983. Venue lies in this district pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

*Plaintiff's Background*

5. Dr. Morin holds a PhD in Experimental Psychology, is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

6. From about 1985 through 2008 Dr. Morin had a License to Carry Firearms ("LTC") issued by the Commonwealth of Massachusetts.

7. It was Dr. Morin's habit to carry a Colt .380 pistol at all times.

8. From 1985 until 2004 Dr. Morin never encountered any troubles as a result of his carrying of a firearm.

9. In October 2004 Dr. Morin drove from Massachusetts to Washington, DC to visit his daughter.

10. As was his habit, Dr. Morin carried his Colt .380 pistol during this trip.

11. While entering a Smithsonian Museum in the District of Columbia, Dr. Morin noticed a sign banning firearms from the museum and approached a guard to check his pistol.

12. The museum guards contacted the U.S. Park Police who arrested Dr. Morin and charged him with Carrying a Pistol without a License, Possession of Unregistered Firearm, and Unlawful Possession of Ammunition.

13. On or about November 8, 2004, Dr. Morin entered a plea of guilty of Attempt Carrying a Pistol w/o a License (22-3294(a)(1)) and Unregistered Firearms (6-2376) in the Superior Court of the District of Columbia.

14. At the time of his charges, an attempted crime was a misdemeanor (§22-1803) in the District of Columbia and carried a maximum sentence of 180 days imprisonment.

15. Possession of an unregistered firearm in the District of Columbia is a misdemeanor and carries a maximum sentence of not more than one-year imprisonment.

16. For the above plea, Dr. Morin was sentenced to Sixty Days, suspended, three months Supervised Probation and twenty hours of community service.

17. The misdemeanor charges brought against Dr. Morin have no elements of intent, *scienter*, or *mens rea*.

18. Dr. Morin was not aware that his Massachusetts License to Carry Firearms was not recognized outside the Commonwealth of Massachusetts.

19. Other than his arrest and conviction in the District of Columbia in 2004, Dr. Morin has no criminal record.

20. Dr. Morin is a business owner and employs over 45 people through two retail businesses. He received recognition awards and made many contributions to local schools, church organizations, and charitable organizations. He collected and passed on over $19,000 to the Jimmy Fund, over $2,000 to the American Cancer Society, and over $2,000 to the United Way. He served on several teacher and principal search committees as well as the Superintendent's Curriculum Review Committee for his local school systems and was a founding and charter member of the Educational Foundation for Northborough and Southborough Schools.

21. Dr. Morin is an outstanding, responsible United States Citizen. He has no criminal record, save for the single incident in the District of Columbia during his sixty-nine years.

22. Dr. Morin seeks to possess a handgun in his home for self-defense.

23. On February 18, 2015, Dr Morin submitted an application for a License to Carry Firearms to Defendant Leahy citing self-defense in the home as the reason for requesting the license.

24. On February 19, 2015, Defendant Leahy wrote to Dr. Morin that he must deny the application as the 2004 conviction is a "mandatory disqualifier".

25. Defendants' actions in denying Plaintiff an LTC License "subject to such restrictions relative to the possession, use or carrying of firearms as the licensing authority deems proper," (See G.L. c. 140 § 131) has denied Plaintiff his right to possess a firearm in his home as protected by the Second and Fourteenth Amendments to the U.S. Constitution.

*Constitutional Provisions*

26. The Second Amendment provides: A well regulated Militia, being necessary to the security of a free state, the right of the people to keep and bear Arms, shall not be infringed. U.S. Const. amend II.

27. The Second Amendment guarantees the individual right to posses a firearm in the home for the purpose of self defense. District of Columbia v. Heller, 554 U.S. 570 (2008).

28. The Fourteenth Amendment provides: "No State shall … deprive any person of life, liberty, or property, without due process of law". U.S. Const. amend IV.

29. The Second Amendment "is fully applicable against the States." McDonald v. Chicago, 561 U.S. 742 (2010).

*Defendant's Regulatory Scheme*

30. Residents of Massachusetts must obtain a license to both purchase and possess firearms, ammunition, and feeding devices. M.G.L. c. 140, §§ 129C, 131, 131E, c269 § 10.

31. Local Police Chiefs/Commissioners administer firearms licensing for any person residing or having a place of business within the jurisdiction of the licensing authority. M.G.L. c. 140, §§ 121, 129B, and 131.

32. A Firearms Identification Card is a "shall-issue" license[1], if an applicant meets statutory requirements. M.G.L. c. 140, § 129B.

33. A Firearms Identification Card limits ownership to low capacity shotguns and rifles. M.G.L. c. 140, §. 129B.

---

[1] A recent change allows a licensing authority to petition the court to request that an applicant be denied the issuance or renewal of a firearm identification card, or to suspend or revoke such a card in the district court of jurisdiction. M.G.L. c 140 § 129B (1½)

34. A Firearms Identification Card does not allow the purchase of handguns, nor the possession of handguns in the home. M.G.L. c. 140, §. 129B.

35. A second license available to applicants, based on "may-issue" Chief's discretion, is the License to Carry, identified as "LTC." M.G.L. c. 140, § 131.

36. A License to Carry permits ownership and possession of a handgun, rifle, and shotgun in the licensee's home as well as transportation to and from the range. M.G.L. c. 140, §§ 130 and 131E.

37. M.G.L. c. 140 §131 authorizes a licensing authority to place restrictions on the license, preventing the licensee from lawfully carrying a handgun on his person outside of his home.

38. Applicants who are considered prohibited persons and will not be granted a License to Carry. M.G.L. c. 140 § 131(d).

39. A prohibited person shall be a person who:

> (i) has, in a court of the commonwealth, been convicted or adjudicated a youthful offender or delinquent child, both as defined in section 52 of chapter 119, for the commission of (A) a felony; (B) a misdemeanor punishable by imprisonment for more than 2 years; (C) a violent crime as defined in section 121; (D) a violation of any law regulating the use, possession, ownership, transfer, purchase, sale, lease, rental, receipt or transportation of weapons or ammunition for which a term of imprisonment may be imposed; (E) a violation of any law regulating the use, possession or sale of a controlled substance as defined in section 1 of chapter 94C including, but not limited to, a violation of said chapter 94C; or (F) a misdemeanor crime of domestic violence as defined in 18 U.S.C. 921(a)(33);

> (ii) has, in any other state or federal jurisdiction, been convicted or adjudicated a youthful offender or delinquent child for the commission of (A) a felony; (B) a misdemeanor punishable by imprisonment for more than 2 years; (C) a violent crime as defined in section 121; (D) a violation of any law regulating the use, possession, ownership, transfer, purchase, sale, lease, rental, receipt or transportation of weapons or ammunition for which a term of imprisonment may be imposed; (E) a violation of any law

regulating the use, possession or sale of a controlled substance as defined in said section 1 of said chapter 94C including, but not limited to, a violation of said chapter 94C; or (F) a misdemeanor crime of domestic violence as defined in 18 U.S.C. 921(a)(33); M.G.L. c. 140, § 131(d)(ii)

40. The licensing scheme for a Firearms Identification Card also precludes issuance to prohibited persons and defines those prohibited persons using substantively identical language. M.G.L. §129B (1)(i) and (ii).

41. Because Felonies, misdemeanors punishable by imprisonment for more that 2 years, violent crimes, controlled substance crimes, and crimes of domestic violence are already disqualifiers based on § 131, only non-violent misdemeanors not punishable by a term of imprisonment for more than 2 years that involve weapons or ammunition are disqualifiers under M.G.L. c. 140, § 131(d)(i)(D), §131(d)(ii)(D), §129B(1)(i) and §129B(1)(ii)

42. The defendant's licensing scheme precludes Dr. Morin from lawfully possessing a firearm in the home for the purposes of self defense.

## COUNT I

### As Applied Violation of Second Amendment Rights

43. PLAINTIFF restates and re-alleges each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44. The Defendant's refusal to issue a Firearms License to the defendant due to his non–violent, misdemeanor conviction involving a firearm violates Dr. Morin's individual right to posses a handgun for defense of hearth and home secured by the Second Amendment to the United States Constitution.

45. Dr. Morin is entitled to declaratory and injunctive relief barring Defendant from refusing to issue a License to Carry Firearms due to his non-violent, misdemeanor conviction involving a firearm.

## COUNT II

### Facial Violation of Second Amendment Rights

46. PLAINTIFF restates and re-alleges each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47. The Defendant's licensing scheme that refuses to issue a Firearms License to any person having non–violent, misdemeanor convictions involving a firearm violates the those individuals' right to posses a handgun and ammunition for defense of hearth and home secured by the Second Amendment to the United States Constitution.

48. Plaintiff is entitled to declaratory and injunctive relief barring Defendant from refusing to issue a License to Carry Firearms due to persons with non-violent, misdemeanor conviction involving a firearm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendant as follows:

1. Declaratory judgment that M.G.L. c. 140, § 131(d)(ii)(D) as applied, violates Plaintiff's constitutional right to keep and bear arms under the Second and Fourteenth Amendments to the U.S. Constitution, to the extent they allow Defendants to prohibit otherwise qualified private citizens from purchasing and possessing "firearms" for the purpose of self-defense in the home;

2. declaratory judgment that M.G.L. c. 140, §§ 131(d)(i)(D), 131(d)(ii)(D), 129B(1)(i)(D), and 129B(1)(ii)(D) violate Plaintiff's constitutional right to keep and bear arms under the Second and Fourteenth Amendments to the U.S. Constitution, to the extent they allow Defendants to prohibit otherwise qualified

    private citizens from purchasing and possessing "firearms" for the purpose of self-defense in the home;

3. declaratory judgment that the denial of Plaintiff's applications for a Massachusetts License to Carry and Permit to Purchase violates Plaintiff's constitutional right to keep and bear arms under the Second and Fourteenth Amendments to the U.S. Constitution;

4. granting injunctive relief requiring defendants to issue a Massachusetts LTC to plaintiff sufficient for plaintiff to possess and purchase a firearm for the purpose of self-defense in the home;

5. An Order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the customs, policies and practices related to enforcement of M.G.L. c. 140 §§ 131(d)(i)(D), 131(d)(ii)(D), 129B(1)(i)(D), and 129B(1)(ii)(D);

6. awarding Plaintiff his reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

7. such other relief as the court deems just.

                                                  Respectfully submitted,
                                                  Alfred L. Morin,

                                                  By his attorney,

                                                  <u>/s/ J. Steven Foley</u>
                                                  J. Steven Foley
                                                  BBO # 685741
                                                  Law Office of J. Steven Foley
                                                  100 Pleasant Street #100
                                                  Worcester, MA 01609
                                                  Tel: 508-754-1041
                                                  Fax: 508-739-4051
                                                  JSteven@attorneyfoley.com