UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED MORIN,<br><br>Plaintiff,<br><br>v.<br><br>MARK K. LEAHY, in his official capacity as Northborough Chief of Police,<br><br>Defendant. | CIVIL ACTION NO.<br>4:15-cv-40048 |

**THE INTERVENOR COMMONWEALTH OF MASSACHUSETTS'S ANSWER TO THE COMPLAINT**

The Intervenor Commonwealth of Massachusetts answers the numbered paragraphs of the Complaint as follows:

The unnumbered paragraph introductory paragraph requires no response.

1. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 1.

2. The Commonwealth admits that Mark K. Leahy is the Northborough Chief of Police and, in his official capacity as Chief of Police, is a licensing authority charged with issuing Massachusetts Firearm Identification Cards and Licenses to Carry to residents of Northborough under Mass. Gen. Laws c. 140, § 131. The Commonwealth admits that the town of Northborough is located in the County of Worcester in the Commonwealth of Massachusetts.

3. Paragraph 3 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

4. Paragraph 4 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

5. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 5.

6. The Commonwealth admits that the plaintiff was issued a license to carry firearms by the Commonwealth between 1995 and 2008. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations regarding the plaintiff's possession of a license to carry firearms between 1985 and 1995.

7. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 7.

8. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 8.

9. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 9.

10. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 10.

11. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 11.

12. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 12.

13. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 13.

14. Paragraph 14 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes a statute, which speaks for itself.

15. Paragraph 15 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions or quotes from or characterizes a statute, which speaks for itself.

16. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 16.

17. Paragraph 17 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions or quotes from or characterizes a statute, which speaks for itself.

18. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 18.

19. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 19.

20. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 20.

21. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 21.

22. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 22.

23. Admitted.

24. Admitted.

25. Denied.

26. Paragraph 26 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the Constitution, which speaks for itself.

27. Paragraph 27 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

28. Paragraph 28 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the Constitution, which speaks for itself.

29. Paragraph 29 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

30. Paragraph 30 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes statutes, which speak for themselves.

31. Paragraph 31 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes statutes, which speak for themselves.

32. Paragraph 32 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes a statute, which speaks for itself.

33. Paragraph 33 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes a statute, which speaks for itself.

34. Paragraph 34 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes a statute, which speaks for itself.

35. Paragraph 35 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes a statute, which speaks for itself.

36. Paragraph 36 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes statutes, which speak for themselves.

37. Paragraph 37 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes a statute, which speaks for itself.

38. Paragraph 38 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes a statute, which speaks for itself.

39. Paragraph 39 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes a statute, which speaks for itself.

40. Paragraph 40 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes a statute, which speaks for itself.

41. Paragraph 41 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes statutes, which speak for themselves.

42. Paragraph 42 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

43. The Commonwealth restates and incorporates by reference its responses to paragraphs 1 through 42 of the Complaint.

44. Denied.

45. Denied.

46. The Commonwealth restates and incorporates by reference its responses to paragraphs 1 through 45 of the Complaint.

47. Denied.

48. Denied.

The remaining paragraphs of the Complaint set forth the claims and relief requested, to which no response is required. To the extent that a response might be required, the Commonwealth denies all allegations contained in those paragraphs.

## FIRST AFFIRMATIVE DEFENSE

The Commonwealth's sovereign immunity and Eleventh Amendment immunity bar Plaintiffs from seeking or obtaining any relief against the Commonwealth.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs cannot assert any claim against the Commonwealth under 42 U.S.C. § 1983.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

WHEREFORE, the Commonwealth of Massachusetts respectfully requests that this Court enter a judgment for the defendants that (1) denies with prejudice all of the relief requested in the Complaint; (2) declares that the challenged provisions of Mass. Gen. Laws c. 140, §§ 129B and 131 do not violate, and are fully consistent with, the Second Amendment to the United States Constitution; (3) otherwise dismisses the Complaint with prejudice; and (4) grants such other relief as is proper.

By its attorney,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Julia Kobick
Julia Kobick, BBO #680194
Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 963-2559
julia.kobick@state.ma.us

Dated: August 12, 2015

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 12, 2015.

/s/ Julia Kobick
Julia Kobick
Assistant Attorney General