UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 4:15-CV-40048-TSH

| | |
|---|---|
| ALFRED MORIN,<br><br>    Plaintiff<br><br>v.<br><br>MARK K. LEAHY, in his official capacity as Northborough Chief of Police<br><br>    Defendant<br><br>And<br><br>THE COMMONWEALTH OF MASSACHUSETTS<br><br>    Intervenor Defendant | DEFENDANT MARK K. LEAHY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR <u>SUMMARY JUDGMENT</u> |

## I. <u>INTRODUCTION</u>

The plaintiff, Alfred Morin ("Morin"), claims that the Town of Northborough Police Chief Mark K. Leahy ("Chief Leahy") violated his right to bear arms under the Second Amendment to the United States Constitution by his statutorily mandated firearms licensing decision denying him a license to carry pursuant to G.L. c.140, §131, based the fact that Morin is disqualified due to his prior criminal convictions for firearms offenses in Washington D.C. Morin seeks redress against Chief Leahy for doing exactly what Massachusetts law, G.L. c.140, §131, requires Chief Leahy to do—deny a firearms license to an individual who is statutorily disqualified based on a criminal conviction for firearms offenses. Despite this statutorily mandated process, with which Chief Leahy fully complied, Morin now seeks injunctive and declaratory relief, as well as attorneys' fees, against him, simply because he complied with

Massachusetts law and not based upon the application of any Town of Northborough custom or policy.

In light of the plaintiff's outright challenge to state law, the Attorney General has intervened in this case to defend the constitutionality of the Massachusetts Firearms Licensing Statute, G.L. c. 140, §131. Chief Leahy incorporates the Commonwealth's arguments with respect to the constitutionality of G.L. c. 140, §131. In addition, Chief Leahy asserts that, significantly, there are no disputed facts and he did not cause a violation of Morin's constitutional rights through a municipal custom and policy so as to justify relief pursuant to 42 U.S.C. §1983 in accord with the Supreme Court's decision in Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, where, as here, a municipal entity merely executes the non-discretionary statutory mandate there can be no liability on the part of the municipality.[1]

## II. STATEMENT OF FACTS

The relevant facts underlying this case are set forth in the plaintiff and the Commonwealth of Massachusetts' Local Rule 56.1 Statement of Material Facts Not in Dispute, and exhibits, (hereinafter "SOF") previously filed. For purposes of this Motion only, Chief Leahy incorporates the facts set forth in the Commonwealth's Statement of Material Facts Not in Dispute and the Commonwealth's response to the Plaintiff's Statement of Materials Facts. (Docket Entry 27).

## III. ARGUMENT

### A. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

---

[1] It is also the Town of Northborough and Chief Leahy's position that they should not be held responsible for any award of attorneys' fees or costs that may be imposed by the Court since the Attorney General's office moved to

2

and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A nonmovant may defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that a trialworthy issue persists. Iverson v. City of Bos., 452 F.3d 94, 98 (1st Cir.2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986)). However, "a conglomeration of 'conclusory allegations, improbable inferences, and unsupported speculation' is insufficient to discharge the nonmovant's burden." DePoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir.2005) (quoting Medina–Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990)). Here, as set forth in detail below, there are no facts in dispute to preclude entry in favor of Chief Leahy as a matter of law.

> B. Chief Leahy, Acting in His Official Capacity as Chief of Police for the Town of Northborough, Is Entitled to Judgment in His Favor as to Plaintiff Morin's 42 U.S.C. §1983 Claim.

In the Complaint, Morin claims that the Town of Northborough's Police Chief violated his Second Amendment rights in denying his license to carry based on an explicit statutory disqualifier set forth in G.L. c.140, §131(d) resulting from his conviction for a firearms related offense. Morin seeks declaratory and injunctive relief and attorneys' fees against Chief Leahy pursuant to 42 U.S.C. §1983. Morin has named Chief Leahy in his official capacity only, setting forth no claims against him in his individual capacity. Therefore, the Section 1983 claims against Chief Leahy in his official capacity should be treated as a claim against the Town, Kentucky v. Graham, 473 U.S. 159, 166 (1985), and such claims fail against Chief Leahy as a matter of law since Morin has failed to establish that his injury was caused by a municipal policy or custom so as to state a viable claim under Monell v. Department of Social Services, 436 U.S. 658, 691 (1978) ("a local government may not be sued under §1983 for an injury inflicted solely

---

intervene in this case and, as a result, as a party to this case, is ultimately responsible for defending the constitutionality of the statute that governed the Town and Chief Leahy's actions.

by its employees"); Board of the County Comm'rs v. Brown, 520 U.S. 397, 403 (1997) (governmental entity "may not be held liable under §1983 solely because it employs a tortfeasor").

To establish liability on the part of the Chief, Morin must satisfy two basic elements: first, that he was harmed by a constitutional violation[2]; and second, that the Town was responsible for that violation through something more than mere respondeat superior. Young v. City of Providence, 404 F.3d 4, 25-6 (1st Cir. 2005). It is well-settled that, to establish municipal liability under Monell, the plaintiff must show that the alleged municipal custom or policy was the "moving force" behind the "particular deprivation" of which he is complaining. "It is not enough for a §1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Bd. of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 404 (1997); see also Foley v. City of Lowell, 948 F.2d 10, 14 (1st Cir. 1991).

Whether or not a plaintiff has stated a Section 1983 claim against a municipal entity typically hinges on the extent to which that municipal entity was independently responsible for the allegedly unconstitutional act. See Snyder v. King, 13-1899, 2014 WL 929149 (7th Cir. Mar. 11, 2014). In answering that question, courts have focused on whether "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989); Leahy v. Bd. of Trs., 912 F.2d 917, 922 (7th

---

[2] Chief Leahy further asserts that the plaintiff has not adduced any evidence that the Massachusetts Firearms Licensing Statute, G.L. c.140, §131, is unconstitutional as a matter of law. As the Attorney General's office has

Cir.1990) ("[p]roximate causation between the municipality's policy or custom and the plaintiff's injury must be present") (quoting Strauss v. City of Chicago, 760 F.2d 765, 767 (7th Cir.1985)). As the Seventh Circuit Court of Appeals has held:

> When state law unequivocally instructs a municipal entity to produce binary outcome X if condition Y occurs, we cannot say that the municipal entity's 'decision' to follow that directive involves the exercise of any meaningful independent discretion, let alone final policymaking authority. It is the statutory directive, not the follow-through, which causes the harm of which the plaintiff complains.

Snyder, 2014 WL 929149 at *7.

"To say that any such direct causal link exists when the only local government 'policy' at issue is general compliance with the dictates of state law is a bridge too far; under those circumstances, the state law is the proximate cause of the plaintiff's injury." Id.; Surplus Store and Exchange, Inc. v. City of Delphi, 928 F.2d 788, 791–92 (7th Cir.1991)("[i]t is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violation is more attenuated, than the 'policy' of enforcing state law. If the language and standards from Monell are not to become a dead letter, such a 'policy' simply cannot be sufficient to ground liability against a municipality"); Whitesel v. Sengenberger, 222 F.3d 861, 872 (10th Cir.2000) (county cannot be liable for "merely implementing" a policy created at the state level); Familias Unidas v. Briscoe, 619 F.2d 391, 404 (5th Cir.1980) (municipal entity cannot be held liable for simply enforcing state law because the municipal policy in that instance "may more fairly be characterized as the effectuation of the policy of the State ... embodied in that statute, for which the citizens of a particular county should not bear singular responsibility").

---

actively intervened in this case to defend the statute, however, Chief Leahy defers and incorporates the Commonwealth's position in this regard, as set forth in its Motion for Summary Judgment (Docket Entry 25).

5

In this case, Chief Leahy, as the duly authorized firearms licensing agent for the Town of Northborough, cannot be held liable under <u>Monell</u> since there is no evidence that the act complained of is the result of any Town of Northborough policy or custom. In denying Morin's license to carry application, neither the Town of Northborough nor Chief Leahy was following any custom or policy of the Town. Rather, the Chief's <u>non-discretionary</u> decision denying Morin's license to carry was solely dictated by state law, G.L. c.140, §§131, in coordination with the state Firearms Records Bureau. (Docket Entry 28, Exhibit 3).

Upon receipt of a license to carry firearms application, Chief Leahy is obligated to run a state and national criminal background check on firearms applicants and then he is <u>required</u> to deny any license for which the applicant is statutorily disqualified. In this regard, the mandatory background check conducted on Morin revealed that he had been convicted of a firearms offense in October 2004 in Washington D.C. following his unlawful decision to transport a firearm across state lines and enter a federal building, the Smithsonian's American Museum of Natural History, with a firearm resulting in a sentence of 180 days. Specifically, Morin pled guilty to carrying a pistol without a license, possession of unregistered ammunition and possession of an unregistered firearm. (Docket Entry 28, Exhibit A). He was, therefore, not qualified by the state to obtain the license for which he applied. G.L. c.140, §131(d). Under the statutory mandates set forth in G.L. c.140, §131, as established by the Legislature, Chief Leahy had (and continues to have) <u>no</u> discretion or choice as to whether or not to grant or deny a license to carry if an individual has a statutory disqualifier. <u>See</u> G.L. c.140, §131(d)(i) (outlining when a License to carry must be denied by a local licensing authority). Therefore, Chief Leahy is entitled to summary judgment as a matter of law.

Further, to the extent that Morin contends that it is unfair to deny him a firearms license based on a conviction for a firearms related offense in Washington D.C. following a plea deal,

his avenue of appeal is to the Legislature, not the courts, since the state Firearms License Board in Boston (a state agency) will not approve a license application if there is a current statutory disqualification.  See Docket Entry 28, Exhibit 3; Murphy v. Police Com'r of Boston, 369 Mass. 469, 471 (1976) (statute authorizing appeal of chief's management decisions "is specific and clear.  If it is unwise, it is not for us to say so; the remedy lies with the Legislature"); see also Youngworth v. Com., 436 Mass. 608, 612-13 (2002).  Consequently, even if the Town of Northborough through Chief Leahy wanted to issue Morin a license, it is unable to do so under current Massachusetts law.

Finally, to the extent Morin attempts to circumvent the explicit mandates of Monell by asserting that Monell is inapplicable to a claim seeking only equitable or declaratory relief, such claim is futile.  The Supreme Court has held that a municipality may face liability only for its own policies or customs that result in constitutional injury and whether an act or omission can be attributed to a municipality does not depend on the form of relief sought.  Los Angeles Cnty., Cal. v. Humphries, 131 S. Ct. 447, 451 (2010).  This circuit has also recognized this principle. Davila-Lynch v. City of Brockton, CIV.A. 09-10817-RGS, 2011 WL 4072092 (D. Mass. Sept. 12, 2011) (citing Humphries "[t]his principle is as true of injunctive and declaratory relief as it is of money damages").

In Humphries, the Supreme Court evaluated whether the "policy or custom" requirement also applies when plaintiffs seek prospective relief, such as an injunction or declaratory judgment.  Id. at 449.  Specifically, the plaintiffs were accused of child abuse in California but later exonerated.  Despite their exoneration, under California law, their names were added to a Child Abuse Central Index, where they remained visible to various state agencies for a minimum of ten years.  Id.  The statute did not set forth any procedure to review whether a previously filed report was unfounded or allow individuals to challenge their inclusion in the Index.  Id.

7

Following their exoneration, the plaintiffs sought to have their names removed from the Index, but the Los Angeles Sheriff's Department refused. Id. As a result, they filed suit against the Attorney General of California, the Los Angeles Sheriff's Department, two detectives in the Sheriff's Department and the County of Los Angeles[3] for damages and injunctive relief. Id. at 449-450. During the litigation, Los Angeles argued that it was a state policy, not a county policy that brought about the plaintiffs' deprivation. Id. at 451.[4]

In reversing the Ninth Circuit Court of Appeals decision, the Supreme Court held that the Monell standard applies to Section 1983 claims against municipalities for prospective relief as well as to claims for damages. Id. at 451. The Supreme Court also rejected any relief-based bifurcation, and reasoned that Monell's "logic also argues against any relief-based bifurcation…[t]he 'policy or custom' requirement rests upon that distinction and embodies it in law. To find the requirement inapplicable where prospective relief is at issue would undermine Monell's logic." Id. at 453. Indeed, the Supreme Court held that "applying Monell's requirement to prospective relief claims will leave some set of ongoing constitutional violations beyond redress" and expressly held that Monell's "policy or custom" requirement applies in Section 1983 cases irrespective of whether a party seeks monetary damages or prospective relief. Id. at 453-454.

As such, it is axiomatic that Chief Leahy is not liable to Morin under Monell since there was no "policy or custom" of the Town of Northborough that caused Morin to be deprived of a federal right. Chief Leahy, acting as the Town's firearms licensing authority, merely complied with the Commonwealth's non-discretionary statutory mandates in G.L. c.140, §131. Therefore,

---

[3] The county of Los Angeles is a municipal entity.
[4] Los Angeles also argued, as does Chief Leahy in this case, that he is not responsible for attorneys' fees under 42 U.S.C. §1988. Humphries, 131 S.Ct. at 450.

since there are no facts to support Morin's Section 1983 claim for relief against Chief Leahy, and he is entitled to judgment in its favor.

### C. Chief Leahy Is Entitled to Judgment in His Favor As to Morin's Declaratory Judgment Claim.

To the extent that Morin asserts that he does not need to meet the Monell custom and policy requirement because he also has a claim pursuant to 28 U.S.C. §2201 (Complaint, ¶4), the Declaratory Judgment Act, such argument against Chief Leahy is futile.

The plaintiff's claim pursuant to the Declaratory Judgment Act is barred by the more specific cause of action provided in Section 1983. It is axiomatic that Morin cannot circumvent the specific requirement for sustaining a Section 1983 action by pleading under the more general Declaratory Judgment Act. Allowing Morin to proceed in such a manner would frustrate the very purpose of the custom and policy requirement, which the Supreme Court has acknowledged as being critical in this context. See Humphries supra. Therefore, any such attempt is unavailing and Chief Leahy is entitled to judgment as a matter of law.

III. CONCLUSION

WHEREFORE, Town of Northborough Police Chief Mark Leahy respectfully requests that all claims against him be dismissed and judgments enter in his favor.

DEFENDANT,

MARK K. LEAHY, Chief of the Town of Northborough Department of Police

By their attorneys,

/s/ Janelle M. Austin
Brian W. Riley (BBO# 555385)
Janelle M. Austin (BBO# 666835)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
briley@k-plaw.com
jaustin@k-plaw.com

CERTIFICATE OF SERVICE

I, Janelle M. Austin, certify that the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the Court of those individuals who will not be served electronically.  /s/ Janelle M. Austin

547667/NBOR/0147