IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ALFRED MORIN,
Plaintiff,

v.

MARK K. LEAHY :
*in his official capacity as :*
Northborough Chief of Police

CIVIL ACTION

NO. 4:15-CV-40048-TSH

**MOTION TO AMEND OR ALTER JUDGMENT UNDER F.C.R.P. 59(E)**

Plaintiff Alfred Morin files this Motion to Amend Order and Judgment pursuant to FED. R. CIV. P. 52(b), 59(e) or, in the alternative, FED. R. CIV. P. 60 and respectfully asks the Court to amend its Order and Judgment denying the Plaintiff's motion for summary judgment and granting the Commonwealth's cross-motion for summary judgment and the granting Leahy's cross-motion for summary judgment. In support of this Motion, Plaintiff Morin states the following:

**FACTS**

On May 18, 2016, this Court denied the Plaintiff's motion for summary judgment, granted the defendant intervenor Commonwealth of Massachusetts' cross-motion for summary judgment, and granted defendant Leahy's cross-motion for summary judgment. The court found the right to obtain a Class A license to carry a concealed firearm in public is not a “core” Second Amendment right. The court based this decision on the fact that Dr. Morin had applied for the most comprehensive license available in Massachusetts, and did not apply for an FID card.

**SUMMARY OF ARGUMENT**

Two law changes, and its subsequent curious citation in the Intervenor’s brief, have bred a misunderstanding of the state of Massachusetts law when Dr. Morin suffered the harm of being denied the only license MA makes available with the needed exemption to criminal liability for the possession

of a handgun, specifically in the home. The first law change, was (2014 Mass. ALS 284, 2014 Mass. Ch. 284, 2013 Mass. H.B. 4376). The Commonwealth of Massachusetts enacted new legislation to begin phasing out Class A and Class B Licenses to Carry Firearms. Effective January 1, 2015, the Commonwealth no longer issues Class B Licenses, only what was prior called a Class A license and FID cards. When Dr. Morin applied for his License to Carry in February of 2015, he applied for the ONLY License to Carry that was available at that time.

In addition, the denial of the summary judgment was based on *dicta* in recent case law that appears to indicate that one can lawfully possess a handgun in the home with only an FID. These cases derive this understanding from pre 1998 case law, the date after which, another change in the law prevented FID cards from shielding possessors of criminal liability for the possession of a handgun in the home. This clearly contradicts the current FID licensing statutes, which prohibit possession of handguns in the home with only an FID. Because an LTC is required to possess a firearm (aka; handgun) in the home, the denial of the LTC (which can be restricted to only be valid in the home) to Dr. Morin burdens his fundamental right to possess a handgun in the home.

**ARGUMENT**

Under FED. R. CIV. P. 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after entry of the judgment. Rule 59(e) motions may be granted where the movant shows a manifest error of law or newly discovered evidence. ***Marie v. Allied Home Mortgage Corp***., 402 F.3d 1, 7 n. 2 (1st Cir.2005)

**A LICENSE TO CARRY FIREARMS IS REQUIRED TO POSSESS A HANDGUN IN MASSACHUSETTS**

Under Massachusetts law, what is generally referred to as a handgun is defined as a firearm.

> "Firearm", a pistol, revolver or other weapon of any description, loaded or unloaded, from which a shot or bullet can be discharged and of which the length of the barrel or barrels is less than 16 inches or 18 inches in the case of a shotgun as originally manufactured; provided, however, that the term firearm shall not include any weapon

> that is: (i) constructed in a shape that does not resemble a handgun, short-barreled rifle or short-barreled shotgun including, but not limited to, covert weapons that resemble key-chains, pens, cigarette-lighters or cigarette-packages; or (ii) not detectable as a weapon or potential weapon by x-ray machines commonly used at airports or walk-through metal detectors. ***M.G.L. c. 140 § 121***.

This is one source of confusion in the Massachusetts Statutes, the term "firearm", which is generally a broad term, refers only to handguns under the Massachusetts General Laws. The confusion is further extended by references to a Firearms Identification Card that does not generally permit possession of firearms, but only rifles, shotguns, and ammunition.

The second source of confusion is that prior to the enactment of Chapter 180 of the Massachusetts Acts of 1988, one was permitted to possess a handgun in the home with only a Firearms Identification Card ("FID"). Chapter 180 of the Massachusetts Acts of 1998, made major changes to the law which was, for the most part, the law in effect when this action arose. One major change from 1998 was that you could no longer possess a handgun in your home under an FID card. The new ***M.G.L. c. 140, § 129B(6)(ii)*** only allowed possession of a handgun with an FID Card on a licensed gun range. After 1998 a gun purchased on the permit to purchase, ***M.G.L. c. 140, § 131A***, had to be kept at a licensed gun range, not in your home.

> A firearms identification card shall not entitle a holder thereof to possess: (i) a large capacity firearm except under a Class A license issued to a shooting club as provided under section 131 or under the direct supervision of a holder of a Class A license issued to an individual under section 131 at an incorporated shooting club or a licensed shooting range; or (ii) *non-large capacity firearm or large capacity rifle or shotgun except under a Class A license.* ***M.G.L. c. 140, § 129B(6)***

Additionally, the Acts of 1998, c. 180, § 73 set forth a schedule for ordered expiration of licenses issued prior to the effective date of c. 180, and §73(e) specifically required that:

> "[a]ny person who lawfully owns a firearm or ammunition feeding device therefor that is not a large capacity firearm or ammunition feeding device on the effective date of this act shall, unless such person transfers such firearm and ammunition feeding device in accordance

> with the provisions of said chapter 140, apply for a Class B license under the provisions of said section 131 of said chapter 140. … provided further, that the requirements for obtaining a card under said section 129B shall not apply to such person that possesses valid proof of exemption under the provisions of section 129C of said chapter 140. Nothing herein shall prohibit such person from applying for a Class A of Class B license to carry firearms pursuant to the provisions of said section 131 of said chapter 140. ***1998 Mass. ALS 180, 1998 Mass. Ch. 180, 1997 Mass. S.B. 1985***

None of the exemptions listed in Chapter. 140 § 129C at the time of Dr. Morin's application or in 1998 when the law was passed included possession of a firearm (aka; handgun) in the home by a longstanding resident of the Commonwealth[1].

It is clear that the legislature intends this restriction to continue, as the new statutes enacted in 2014 that will eliminate the Class A and Class B distinctions of Licenses to Carry contains a similar restriction.

> A firearm identification card shall not entitle a holder thereof to possess: (i) a large capacity firearm or large capacity feeding device therefor, except under a license issued to a shooting club as provided under section 131 or under the direct supervision of a holder of a license issued to an individual under said section 131 at an incorporated shooting club or licensed shooting range; or (ii) a non-large capacity firearm or large capacity rifle or shotgun or large capacity feeding device therefor, except under a license issued to a shooting club as provided under said section 131 or under the direct supervision of a holder of a license issued to an individual under said section 131 at an incorporated shooting club or licensed shooting range. ***M.G.L. c. 140, § 129B Paragraph (6) as amended by 2014, 284, Sec. 33 effective January 1, 2021***

Lastly, the criminal statute ***M.G.L. c. 269, § 10(a)*** states:

> " Whoever, except as provided or exempted by statute, knowingly has in his possession; or knowingly has under his control in a vehicle; a firearm, loaded or unloaded, as defined in section one hundred and twenty-one of chapter one hundred and forty without either:

---

[1] One exemption allows recent arrivals in the Commonwealth a period of time to attain licensure before criminal liability for possession of a firearm (aka; handgun). Given Dr. Morin's tenure as a resident of MA, as evidenced by his prior possession of a resident LTC, this exemption can not apply.

(1) being present in or on his residence or place of business;…

This seemingly dispositive statute is not the last word on the criminal liability of possession of a handgun in the home. ***M.G.L. c. 269, § 10(h)(1)*** clearly states that "[w]hoever owns, possesses or transfers a firearm, … without complying with the provisions of section 129C of chapter 140 shall be punished by imprisonment in a jail or house of correction for not more than 2 years or by a fine of not more than $500." There is no equivocation that the legislature intended to and successfully accomplished eliminating the FID card as a valid exemption to the criminal liability

Although *dicta* in some recent cases says that a handgun may be possessed in one's home on an FID card, see, e.g., ***Commonwealth v. Gouse***, 965 N.E.2d 774, 785 n.14 (Mass. 2012) or ***Chardin v. Police Com'r of Boston***, 989 NE 2d 392 n.5 (Mass 2013), this clearly contradicts the plain language of the statute. The parties before those courts apparently relied on cases interpreting the pre-1998 law (see, e.g., ***Hightower v. City of Boston***, 693 F.3d 61, 61-62 (1st Cir. 2012) citing ***Com. v. Ramirez***, 555 N.E.2d 208, 211 (1990) and ***Com. v. Seay***, 383 N.E.2d 828, 831 (1978), both of which refer to the law repealed in 1998).

At no point in briefing did the Intervenor claim ***all*** of Dr. Morin's claims were moot because of the lack of the application for an FID, only that the claims related to ***M.G.L. c. 140, § 131(d)(i)(D)***, ***M.G.L. c. 140, § 129B(1)(i)(D)***, and ***M.G.L. c. 140, § 129B(1)(ii)(D)***. Noticeably absent from this list is ***M.G.L. c. 140, § 131(d)(ii)(D)*** which is the LTC statute currently in effect and that prohibits Dr. Morin from lawfully possessing a firearm (aka; handgun) in the home. (See also Intervenor's memorandum in support of cross motion for summary judgement) Had they, Dr. Morin would have provided this court with the citations needed to show that Dr. Morin's application for an FID card would be futile and not provide relief for Dr. Morin in his quest to regain his right to possess a handgun in the home.

That the Massachusetts legislature organized its licensing scheme the way it did in 1998 and maintained that organization in 2014 does not alter the harm that Dr. Morin has suffered. Dr. Morin seeks to possess a firearm (aka; handgun) in the home. Dr. Morin had no obligation to apply for an FID any more than he had an obligation to apply for a Fortune Teller's License (see M.G.L. ch. 140, § 185I). Neither of which absolves the licensee of the criminal liability for possessing a firearm (aka; handgun) in the home while ***M.G.L. c. 140, § 131(d)(ii)(D)*** does absolve Dr. Morin of the burden of criminal liability of the possession of a firearm (aka; handgun) in the home. Had the state of Massachusetts provided no exemption for possession of a firearm (aka; handgun) in the home, then the proper course of action would have been to challenge the criminal statute. But since Dr. Morin began this action accepting the current licensing scheme with the exception of ***M.G.L. c. 140, § 131(d)(ii)(D)***, the appropriate challenge was to the licensing statute.

## CONCLUSION

A Massachusetts resident cannot possess a handgun in the home for self-defense, as protected by ***D.C. v. Heller***, 554 U.S. 570 (2008) and ***McDonald v. City of Chicago***, 561 U.S. 742 (2010), without a License to Carry Firearms. A Firearms Identification Card is insufficient for this purpose, as it specifically precludes possession of handguns. The License to Carry Firearms that Dr. Morin applied for is the ONLY license available that will permit him to possess a handgun in the home for self-defense. Under the Laws of the Commonwealth of Massachusetts, a license to carry a firearm is a "core" Second Amendment right.

For all of the above reasons, the Plaintiff requests that this Motion be granted and the Court amend its Order and Judgment in accordance with the above-requested relief.

June 13, 2016

Respectfully submitted,
Alfred L. Morin,

By his attorney,
/s/ J. Steven Foley
J. Steven Foley
BBO # 685741
Law Office of J. Steven Foley
100 Pleasant Street #100
Worcester, MA 01609
Tel: 508-754-1041
Fax: 508-739-4051
JSteven@attorneyfoley.com

CERTIFICATE OF SERVICE

I, J. Steven Foley, certify that the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the Court of those individuals who will not be served electronically. /s/ J. Steven Foley