COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

DOCKET NO. 4:15-CV-40048-TSH

| | |
|---|---|
| ALFRED MORIN,<br><br>    Plaintiff<br>v.<br><br>MARK K. LEAHY, in his official capacity as NORTHBOROUGH CHIEF OF POLICE,<br><br>    Defendant<br>and<br><br>COMMONWEALTH OF MASSACHUSETTS,<br><br>    Intervenor | CHIEF OF POLICE MARK K. LEAHY'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT |

Now comes defendant, Chief of Police Mark K. Leahy ("Chief"), and hereby opposes plaintiff Alfred Morin's ("Morin") Motion to Alter or Amend this Court's Judgment under Fed.R.Civ.P. 59(e). As grounds therefore, the Chief states that the District Court's summary judgment did not contain any errors or law or fact, nor has Morin presented any newly discovered evidence warranting amendment or alteration of this Court's sound judgment. As further grounds therefore, the Chief relies on the within Memorandum of Reasons.

## MEMORANDUM OF REASONS

### I. RELEVANT PROCEDURAL HISTORY

After extensive briefing by the parties and oral argument on summary judgments, on May 18, 2016, the Court denied Morin's summary judgment and entered judgment in favor of the Chief and the Commonwealth of Massachusetts on their cross-motions for summary judgment.

(Docket Entry 42). In so holding, the Court issued a well-reasoned fifteen (15) page decision outlining the basis for its denial of Morin's summary judgment.

## II. ARGUMENT

### A. The Plaintiff's Motion to Alter or Amend This Court's Judgment Should Be Denied Because Morin Cannot Show a Manifest Error of Law in the Court's Summary Judgment Decision or Any Newly Discovered Evidence.[1]

In his Motion, the plaintiff has not offered any support for his assertions that this Court's decision contained any error of law or newly discovered evidence warranting amendment of the Court's May 18, 2016 judgment. At the outset, Morin has presented no evidence or argument whatsoever that the information raised in his Motion was otherwise unavailable to him for briefing, including during summary judgment proceedings, in a case that has been pending since 2015.

Moreover, the issue raised in Morin's Motion relative to the issuance or scope of a Class B License and/or FID Card simply has no relevance to this case since Morin did not apply for either license and, in any event, was statutorily disqualified from holding same under G.L. c. 140, §§129B and 131.[2] As the District Court correctly noted in its May 18, 2016 decision (Docket Entry 41, p. 11):

> Here, like in *Hightower*, Morin challenges his ability to obtain a Class A license. Although he frames the right at issue as his right to possess a firearm in the home, this argument is undermined by the fact that he seeks the least restrictive license available in Massachusetts, allowing him to carry concealed firearms in public. Furthermore, as stated in his affidavit, it was his habit for the entire time that he maintained his Class A license—approximately twenty years— to carry a concealed pistol on his person at all times. Thus, it is not necessary to determine whether a complete categorical prohibition on the arms rights of individuals who have been convicted of certain weapons-related misdemeanors is constitutional, because that is not what is being challenged in this case.

---

[1] The Chief hereby incorporates the Commonwealth's arguments relative to the Massachusetts Firearms Licensing Laws', G.L. c. 140, §131, et. seq., application.

[2] Pursuant to the Massachusetts' Act Relative to the Reduction of Gun Violence, signed into law on August 13, 2014, Class B licenses to carry were eliminated, however, Class B licenses then in effect remain valid until the expiration of said licenses.

Here, Morin argues that the Court's summary judgment decision was based on "dicta" that "appears to indicate that one can lawfully possess a handgun in the home with only an FID," which, in turn, burdens his fundamental right to possess a handgun in the home. (Motion, p.2). Morin's argument is misplaced and certainly does not warrant augmentation of the Court's summary judgment decision for several reasons.

First, as noted, Morin did not apply for an FID Card. As such, as the Court properly held, because he has not been injured by the application of G.L. c. 140, §§ 129B(1)(i)(D) and 129B(1)(ii)(D), he lacks standing to challenge their constitutionality. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); see also Hightower v. City of Boston, 693 F.3d 61, 70-71 (1st Cir. 2012) (appellant whose Class A license was denied lacked standing to challenge the potential issuance of Class B license and/or FID card).

Second, even if he had applied, Morin is statutorily prohibited from holding an FID Card based on his statutory disqualification under G.L. c. 140, §129B(1)(ii)(D) following his guilty plea for attempting to carry a pistol without a license in violation of D.C. Code §22-3204(a)(1) and possession of an unregistered firearm, in violation of D.C. Code §6-2376. Lastly, and significantly, the First Circuit Court of Appeals in Hightower and the Massachusetts Supreme Judicial Court have held that individuals otherwise qualified may lawfully possess a handgun in the home with only an FID Card. Specifically, the First Circuit has ruled that "[a]n FID card 'allows the holder to own, transfer, or possess a firearm in his residence or place of business.'" Hightower, 693 F.3d at 66[3] (citing Commonwealth v. Gouse, 461 Mass. 787, 965 N.E.2d 774, 785 n.14 (2012)). Therefore, since Morin has not articulated any manifest error of law or newly

---

[3] The Chief acknowledges that pursuant to 2014 amendments to the law, Massachusetts licensing authorities are now entitled to petition state District Courts to make a suitability determination regarding an FID Card applicant. Such change, however, bears no relevance to this matter since Morin, as noted, has not applied for an FID Card and is statutorily prohibited from being issued a FID Card under G.L. c. 140, §129B.

3

discovered evidence warranting this Court's reconsideration of its decision, his Motion to Amend or Alter the Judgment should be denied and the Court's May 18, 2016 judgment should stand.

III. CONCLUSION

WHEREFORE, for the foregoing reasons, Mark K. Leahy, Chief of Police of the Town of Northborough hereby respectfully requests that the Court deny plaintiff's Motion to Amend or Alter the Judgment Under Rule 59(e).

MARK K. LEAHY, NORTHBOROUGH
CHIEF OF POLICE

By his attorneys,

/s/ Janelle M. Austin
Brian W. Riley (BBO# 555385)
Janelle M. Austin (BBO# 666835)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
briley@k-plaw.com
jaustin@k-plaw.com

CERTIFICATE OF SERVICE

I, Janelle M. Austin, certify that the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the Court of those individuals who will not be served electronically.  /s/ Janelle M. Austin

557365/NBOR/0147