UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED MORIN,<br><br>                Plaintiff,<br><br>    v.<br><br>MARK K. LEAHY, in his official capacity as Northborough Chief of Police,<br><br>                Defendant,<br><br>COMMONWEALTH OF MASSACHUSETTS,<br><br>                Intervenor-Defendant. | CIVIL ACTION NO.<br>4:15-cv-40048 |

**BRIEF OF THE COMMONWEALTH OF MASSACHUSETTS IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND OR ALTER THE JUDGMENT**

The Commonwealth of Massachusetts opposes the motion of the plaintiff, Dr. Alfred Morin, to alter or amend this Court's judgment in favor of the Commonwealth in this challenge to the constitutionality of G.L. c. 140, § 131(d)(ii)(D). Dr. Morin premises his motion on two claims: (1) first, that he could not have applied for a Class B license to carry in February 2015, because Class B licenses to carry were phased out in January 2015, and (2) second, that a firearm identification ("FID") card would not have entitled him to possess a firearm in the home. On both claims he is, quite simply, wrong. Dr. Morin has therefore asserted no basis for altering or amending this Court's judgment, which correctly held that his disqualification from eligibility for a Class A license to carry firearms is consistent with the Second Amendment.

## ARGUMENT

Dr. Morin's motion for relief from judgment is premised on two misunderstandings of Massachusetts law.

First, Dr. Morin contends that he could not have applied for a Class B license to carry in February 2015, because "[e]ffective January 1, 2015, the Commonwealth no longer issues Class B Licenses." Pltf's Mot. to Amend or Alter the J. ("Pltf's Mot.") at 2. That is wrong. As the Commonwealth explained in support of its cross-motion for summary judgment, the 2014 Act Relative to the Reduction of Gun Violence revised G.L. c. 140, § 131 to provide for one type of license to carry, rather than separate Class A and Class B licenses. *See* Mass. St. 2014, c. 284 §§ 46, 47, 112; Commonwealth's Mem. in Support of Its Cross-Mot. for Summ. J. (Dkt. No. 25), at 2 n. 1. However, that specific revision does not become effective until January 1, 2021, as is made plain by Section 112 of the law. *See* Mass. St. 2014, c. 284 §§ 46, 47, 112. Indeed, the Legislature's website listing the Massachusetts General Laws sets forth both versions—the pre-January 1, 2021 versions of G.L. c. 140, §§ 131(a)–(c), which define Class A and B licenses to carry, and the post-January 1, 2021 versions, which eliminate the Class A and B distinction. *See* https://malegislature.gov/Laws/GeneralLaws/PartI/TitleXX/Chapter140/Section131. Dr. Morin has introduced no evidence that Northborough had phased out the Class B license to carry at the time he applied for a license in February 2015. On the contrary, Northborough's 2015 application form allowed him to apply for a Class A license to carry, a Class B license to carry, and an FID card, among other licenses. *See* Aff. in Support of Commonwealth's Cross-Mot. for Summary J. (Dkt. No. 28), Exhibit D, at 1. Dr. Morin only put a check mark next to the Class A license to carry. *Id.* Dr. Morin could have applied for a Class B license to carry or an FID card in February 2015; he simply chose not to. Thus, as this Court correctly concluded, this case only

2

involves the denial of an application for a Class A license to carry, "the least restrictive license available in Massachusetts," and the only license that authorizes its holder to carry concealed firearms in public. Mem. and Order (Dkt. No. 41), at 11.

Second, Dr. Morin contends that this Court erred in explaining that an FID card would have entitled him to possess a firearm in his home or place of business. *See* Mem. and Order (Dkt. No. 41), at 5; Pltf's Mot. at 3–5. He further contends that, in the 1998 Act Relative to Gun Control, the Massachusetts Legislature clearly expressed its intent to prohibit FID holders from possessing a firearm in their homes. Pltf's Mot. at 3–5.

Again, Dr. Morin misapprehends the law. Since the enactment of the 1998 Act, the Supreme Judicial Court ("SJC") has clarified, in at least five different cases, that an FID card allows its holder to possess a firearm in his or her home or place of business. *See Chardin v. Police Comm'r of Boston*, 465 Mass. 314, 315 n. 5 (2013) ("Although an FID card allows its holder to own or possess a firearm within the holder's residence or place of business, it does not allow the holder to carry the firearm to or in any other place."); *Commonwealth v. Gouse*, 461 Mass. 787, 799 n. 14 (2012) ("Under our statutory scheme, an FID card and a license to carry are distinct items with distinct privileges: the former allows the holder to own, transfer, or possess a firearm in his residence or place of business, while the latter enables the holder to carry a firearm outside of his residence or place of business."); *Commonwealth v. Johnson*, 461 Mass. 44, 55 n. 14 (2011) (citing *Powell* for the proposition that an "FID card allows [its] holder to own or possess [a] firearm, but not to carry one"); *Commonwealth v. Loadholt*, 460 Mass. 723, 724 n. 1 (2011) (construing G.L. c. 269, § 10(h)(1) to "mak[e] it an offense to own or to possess a firearm or ammunition in one's home or place of business without obtaining a firearm identification card (FID card) pursuant to G.L. c. 140, § 129C"); *Commonwealth v. Powell*, 459 Mass. 572, 587–88

(2011) ("An FID card allows the holder to own or possess a firearm within the holder's residence or place of business, but not to carry it to or in any other place." (citing G.L. c. 140, § 129C)).

Dr. Morin discounts these statements as dicta, *see* Pltf's Br. at 5, but the SJC never characterized its statements that way, and in at least one of the cases, its understanding of FID cards was essential to its holding. *See Gouse*, 461 Mass. at 799–802 (rejecting Second Amendment challenge to conviction for possessing a firearm outside the defendant's home without a license to carry, because the case did not involve the "right 'to possess a handgun in the home for the purposes of self-defense'" (quoting *McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010)). In any event, "[i]t is well-established that 'state courts are the ultimate expositors of state law' and the federal courts are bound by the constructions placed upon state statutes by state courts absent extreme circumstances." *Rundlett v. Oliver*, 607 F.2d 495, 500 (1st Cir. 1979). This Court correctly recognized, as the First Circuit did in *Hightower*, that the SJC's construction of the FID card statutes is binding on federal courts, and under that construction, FID card holders are entitled to possess firearms in their homes and places of business. *See* Mem. and Order (Dkt. No. 41), at 5; *Hightower v. City of Boston*, 693 F.3d 61, 71–72 (1st Cir. 2012) ("an FID card . . . would allow [the plaintiff] to possess a firearm in her home or place of business").

Moreover, the SJC's interpretation accords with the FID card statutes. Under G.L. c. 140, § 129C, "[n]o person . . . shall own or possess any *firearm*, rifle, shotgun or ammunition unless he has been issued a firearm identification card by the licensing authority pursuant to the provisions of section one hundred and twenty-nine B." *Id.* (emphasis added). That statute indicates that FID card holders may, under certain circumstances, possess a firearm. Similarly, G.L. c. 269, § 10(h)(1) makes it unlawful to "ow[n], posses[s] or transfe[r] a *firearm*, rifle,

4

shotgun or ammunition without complying with the provisions of section 129C of chapter 140." *Id.* (emphasis added). Again, the statute implies that a firearm may be possessed by an FID card holder, in accordance with G.L. c. 140, § 129C. To the extent G.L. c. 140, § 129B(6)(ii) contains language that appears inconsistent with G.L. c. 140, § 129C and G.L. c. 269, § 10(h), it was SJC's charge to resolve that inconsistency. That court has done so, repeatedly, and Dr. Morin's attempt to question the SJC's interpretation in this Court is unavailing.

For these reasons, this Court correctly determined that, under SJC precedent, an FID card entitles its holder to possess a firearm in the home, but Dr. Morin never applied for an FID card. *See* Mem. and Order (Dkt. No. 41), at 5. For that reason, this Court correctly determined that this case only concerned the denial of a Class A license to carry firearms, the license governing the carrying of concealed firearms in public. *Id.* at 11.

## **CONCLUSION**

For the foregoing reasons, Dr. Morin has failed to identify any basis for altering or amending this Court's judgment. Accordingly, his motion should be denied.

                                                  Respectfully submitted,

                                                  THE COMMONWEALTH OF
                                                  MASSACHUSETTS,

                                                  By its attorney,

                                                  MAURA HEALEY
                                                  ATTORNEY GENERAL

                                                  /s/ Julia Kobick
                                                  Julia Kobick, BBO #680194
                                                  Assistant Attorney General
                                                  Office of the Attorney General
                                                  Government Bureau
                                                  One Ashburton Place, 20th Floor
                                                  Boston, Massachusetts 02108
Date: June 27, 2016                        (617) 963-2559

## **CERTIFICATE OF SERVICE**

      I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 27, 2016.

                                              /s/ Julia Kobick
                                              Julia Kobick
                                              Assistant Attorney General